UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John J.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:24-cv-461

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Plaintiff applied for a Period of Disability and Disability Insurance Benefits. ECF No. 7-5 at PAGEID # 197–202. The application was denied initially and on reconsideration, and Plaintiff thereafter attended a hearing before Administrative Law Judge ("ALJ") Lesperance. ECF No. 7-3 at PAGEID # 92–110; ECF No. 7-4 at PAGEID # 191. The ALJ denied benefits, and the Appeals Council declined to review that decision. ECF No. 7-2 at PAGEID # 39–60; *id.* at PAGEID # 23–29.

Plaintiff then filed a Complaint in this Court. Compl., ECF No. 5. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") denial of benefits. R&R, ECF No. 15. Plaintiff timely objected, Obj., ECF No. 16, and the Commissioner responded, Resp., ECF No. 17.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

### A. Sentence Six Remand

Plaintiff first objects to the R&R's recommendation that the Court decline to remand this case pursuant to Sentence Six of 42 U.S.C. § 405(g). Specifically, Plaintiff contends that the ALJ denied benefits based, in part, on the contrast between Dr. Craig's treatment notes and her opinions in a Mental Impairment Questionnaire. Obj. 2, ECF No. 16. Subsequently, Dr. Craig drafted a letter ("2023 Letter") explaining those perceived inconsistencies and further supporting her opinion as to Plaintiff's impairments. ECF No. 7-2 at PAGEID # 37–38. Plaintiff contends the Court should remand with instructions to consider the 2023 Letter. Obj. 2–4, ECF No. 16.

Under Sentence Six of 42 U.S.C. § 405(g):

> The court may, . . . order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

Thus, a Sentence Six remand requires evidence that is both (1) new and (2) material, and there must be (3) good cause for the plaintiff's failure to present it earlier. *E.g.*, *Melkonyan v. Sullivan*, 501 U.S. 89, 98–99 (1991).

The R&R concluded the 2023 Letter was neither new nor material and that, even if it were both, Plaintiff failed to show good cause for his failure to present it earlier. R&R 5–8, ECF No. 15.

Plaintiff first objects that, although Dr. Craig's treatment notes are not new evidence, her "description of them" (and her "indications that she does not" usually note each of Plaintiff's symptoms) in the 2023 Letter are new. Obj. 2–3, ECF No. 16. He then contends the 2023 Letter is material because what mattered to the ALJ was not the information from Dr. Craig's underlying treatment notes but how that information seemed to contradict her opinions on Plaintiff's impairments. *Id.* at 3–4. Because the new evidence reconciled the apparent inconsistencies, he asserts, the Commissioner would likely reach a different outcome. *Id.* Finally, Plaintiff argues it would have been impossible to submit the 2023 Letter—which is a rebuttal to the ALJ's decision—before the ALJ issued her decision; as such, he has shown good cause for failing to present the 2023 Letter earlier. Obj. 2, ECF No. 16.

But as the R&R noted, "evidence is new only if it was not in existence *or available* to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (internal

quotation marks and citation omitted) (emphasis added). Here, although Plaintiff stresses that the 2023 Letter "was not in existence" until after the ALJ issued her decision, Plaintiff fails to engage with the "or available" aspect of the definition. Plaintiff certainly could have asked Dr. Craig to issue a similar explanation about the relationship between her progress notes and the Mental Impairment Questionnaire before the record closed so the ALJ could have considered it when evaluating her opinions, and he does not argue otherwise. He has therefore failed to show the 2023 Letter is "new" evidence. See Simila v. Astrue, 573 F.3d 503, 522 (7th Cir. 2009) (finding a physician's rebuttal letter was not "new" because "[s]ection 405(g) does not provide occasion for a physician to submit an unsolicited clarification of his prior opinion."); Perkins v Chater, 107 F.3d 1290, 1296 (7th Cir. 1997) (finding rebuttal report not "new" because the conclusions therein were "derivative evidence" based "entirely on evidence that had long been available").

For the same reasons, Plaintiff failed to show good cause for not acquiring Dr. Craig's explanation earlier. His argument is like an argument the Sixth Circuit rejected in Courter v. Comm'r of Social Security, 479 F. App'x 713, 725–26 (6th Cir. 2012). The plaintiff there argued that she could not have presented the additional opinion and assessment earlier because they were obtained in response to the ALJ's denial. The Sixth Circuit called that argument "frivolous" and noted a claimant "should

always anticipate that a decision maker might rule against it." *Id.* The Circuit said that "[a] belief that one would not lose given the evidence admitted cannot meet the good cause standard for failing to obtain or submit all useful evidence in the first instance." *Id.* at 726. Other courts have rejected rebuttal reports on this basis. *E.g., Saylor v. Comm'r of Soc. Sec.*, No. 1:11-cv-157, 2012 WL 651916, at *12 (W.D. Mich. Feb. 10, 2012), *R&R adopted by*, 2012 WL 651869 ("Plaintiff's post-hearing solicitation of an opinion letter from Dr. Smith which seeks to address the ALJ's alleged wrongful decision denying benefits does not meet the good cause requirement of a sentence-six remand." (citation omitted)); *Perkins*, 107 F.3d at 1296 ("The mere fact that Dr. Reich devoted a part of his report to a critique of the ALJ's opinion, which obviously could not have been done before the opinion issued, does not amount to good cause; such a rule would amount to automatic permission to supplement records with new evidence after the ALJ issues a decision in the case, which would seriously undermine the regularity of the administrative process."); *cf. Koulizos v. Sec. of Health and Hum. Servs.*, 802 F.2d 458 (Table), 1986 WL 17488 (6th Cir. Aug. 19, 1986) ("[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability."). Here, Plaintiff offered no obstacles that hindered his ability to

obtain the 2023 Letter before the record closed and thus does not show good cause.

Because the Court concludes the 2023 Letter is not "new" and that Plaintiff failed to show good cause for not providing it earlier, the Court declines to consider Plaintiff's arguments about whether the 2023 Letter is "material."

**B. Sentence Four Remand**

Plaintiff next objects to the R&R's recommendation that the ALJ's symptom-severity analysis and Residual Functional Capacity ("RFC") were supported by substantial evidence. Obj. 4–5, ECF No. 16. As to both, Plaintiff contends the ALJ failed to "factor in measures other than treatment that [Plaintiff] has used to relieve symptoms," violating SSR 16-3p, 20 C.F.R. § 404.1529. *Id.* at 4. That regulation states that the Commissioner, when "determining the extent to which . . . symptoms limit [an applicant's] capacity for work," will consider objective medical evidence and "any other information" the applicant submits about their symptoms, including evidence of non-medication treatment or other measures the applicant uses to relieve pain or symptoms. 20 C.F.R. § 404.1529(c).

But Plaintiff does not argue the ALJ failed to *consider* such other evidence (including, *inter alia*, short breaks, support staff, and prompting). Rather, Plaintiff argues only that the ALJ failed to *incorporate* those accommodations into the RFC, which the regulation does not require. Indeed, a review of the ALJ's

decision shows she did consider the information to which Plaintiff points. *E.g.,* ALJ Dec. 12, ECF No. 7-2 at PAGEID # 53 ("[W]hile he reports and/or testifies that he has some assistance with particular tasks from his parents, he generally has lived independently and engaged in ongoing significant work activity . . . ."); *id.* at 11 (noting assistance with household chores). Because she considered this evidence, she did not violate the regulation.

And Plaintiff fails to demonstrate the ALJ erred by failing to incorporate any such "other measures" into the RFC. For example, the evidence about breaks, Ex. 7F, ECF No. 7-9 at PAGEID # 563–64, implied[1] merely that Plaintiff wanted breaks after angry customer service calls. But the ALJ limited Plaintiff to not interacting with the public on topics involving negotiation, persuasion, or conflict resolution, and Plaintiff does not explain why breaks would have been necessary. ALJ Dec. 11, ECF No. 7-2 at PAGEID # 52 ("I limited both the frequency and the nature of social interaction, considering . . . his reports that some of his jobs in the past were stressful for him due to rudeness from customers (in the customer service setting, which requires conflict resolution)."). Nor does Plaintiff point to any evidence that suggests the prompting he receives to complete tasks in the home setting should have been incorporated into the RFC for work purposes.

---

[1] The implication is far from an actual opinion and was made only once in a series of notes.

In sum, the Court agrees with the R&R, ECF No. 15 at PAGEID #1030–32, that the ALJ fully considered the "other evidence" to which Plaintiff points and that the RFC is supported by substantial evidence.

### III. CONCLUSION

Plaintiff's objections are **DENIED**. The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**